IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AP MA FUNDING LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>LIMITLESS ENTERTAINMENT BOISE, LLC; LIMITLESS ENTERTAINMENT, LLC; RAJ BHANOT; and SURAJ JAGANNATHAN;<br><br>                Defendants. | Case No. _____ |

## COMPLAINT

Plaintiff AP MA Funding LLC ("Lender") hereby sues defendants Limitless Entertainment Boise, LLC; Limitless Entertainment, LLC; Raj Bhanot; and Suraj Jagannathan (collectively, "Defendants") and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Lender is a limited liability company whose sole member is Forbright Bank. Forbright Bank is a state-chartered bank with its main office in Chevy Chase, Maryland.

2. Defendant Limitless Entertainment Boise, LLC is a Texas limited liability company whose members are Defendants Raj Bhanot and Suraj Jagannathan.

3. Defendant Limitless Entertainment, LLC (together with Defendant Limitless Entertainment Boise, LLC, "Borrowers") is a Texas limited liability company whose members are Defendants Raj Bhanot and Suraj Jagannathan.

4. Defendant Raj Bhanot is an individual who, upon information and belief, is a citizen of Texas.

5.  Defendant Suraj Jagannathan (together with Defendant Raj Bhanot, "Guarantors") is an individual who, upon information and belief, is a citizen of Texas.

6.  The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

7.  The parties are citizens of different states because Lender is a citizen of Maryland, whereas Defendants are citizens of Texas.

8.  Further, the amount in controversy exceeds $75,000 because the loan that is the subject of this case has an outstanding principal balance of Nine Hundred Thirty-Four Thousand One Hundred Fifty-Three and 25/100 Dollars ($934,153.25) and accrued interest of Seventeen Thousand Seventy-Two and 37/100 Dollars ($17,072.37) as of July 21, 2025.

9.  The Court has personal jurisdiction because Defendants consented to the jurisdiction of the federal and state courts of New York in the governing loan documents.

10. Venue is proper in this judicial district because Defendants consented to venue in the federal and state courts of New York in the governing loan documents.

## FACTUAL ALLEGATIONS

11. On or about October 7, 2022, Cross River Bank ("Cross River") and Borrowers entered a Loan Agreement and a Loan Terms Addendum to the Loan Agreement (collectively referred to as "Loan Agreement"). A true and correct copy of the Loan Agreement is attached hereto as **Exhibit A**.

12. Pursuant to the Loan Agreement, Cross River extended Borrowers a term loan of Two Million and 00/100 Dollars ($2,000,000.00) (the "Loan"). *See* Exhibit A.

13. Per the Loan Agreement, Borrowers agreed to repay the Loan by making monthly payments for a term of 84 months. *See* Exhibit A.

14. Pursuant to a Security Agreement dated October 6, 2022, Borrowers' obligations under and in respect of the Loan and Loan Agreement are secured by a security interest in certain personal property of Borrowers. A true and correct copy of the Security Agreement is attached hereto as **Exhibit B**.

15. Borrowers' obligations under and in respect of the Loan and the Loan Agreement are guarantied by Guarantors pursuant to a Personal Guaranty dated October 6, 2022 (the "Guaranty," and together with the Loan Agreement and Security Agreement, the "Loan Documents"). A true and correct copy of the Guaranty is attached hereto as **Exhibit C**.

16. Cross River assigned the Loan and Loan Documents to ApplePie Finance LLC pursuant to an Assignment Agreement dated October 14, 2022.

17. ApplePie Finance LLC assigned the Loan and Loan Documents to Lender pursuant to a Purchased Loan Confirmation dated October 14, 2022. A true and correct copy of the Purchased Loan Confirmation is attached hereto as **Exhibit D**.

18. The Lender is the current holder of the Loan Documents.

19. Defendants failed to make the requisite payments when due, which is a default under the Loan Documents.

20. Pursuant to the Loan Documents, the Defendants agreed to pay all out-of-pocket expenses incurred by Lender in connection with Lender's enforcement or protection of its rights under the Loan or Loan Documents, including the fees, charges, and disbursements of any counsel for Lender.

21. By letter dated June 3, 2025, Lender notified Defendants that it had accelerated the Loan Documents and Lender demanded that Defendants pay all outstanding amounts, including

attorneys' fees, which were due under the Loan Documents. A true and correct copy of the June 3, 2025 correspondence is attached hereto as **Exhibit E**.

22. Despite notice and demand, Defendants have failed to remit payment to Lender for all amounts due under the Loan Documents.

23. The following amounts are immediately due and owing to Lender by Defendants under the Loan Documents:

| **Loan** | |
|---|---|
| Principal: | $934,153.25 |
| Interest (as of July 21, 2025): | $17,072.37 |
| **Subtotal:** | **$951,225.62** |
| Attorneys' Fees and Costs (as of August 5, 2025): | $2,934.50 |
| **TOTAL OBLIGATIONS:** | **$954,160.12** |

24. Pursuant to the terms of the Loan Documents, Defendants are liable to Lender for continuing interest, including post-judgment interest, on the Loan Documents at the applicable Default Rate set forth therein, and for all of Lender's attorneys' fees and costs incurred in connection with the enforcement of the Loan Documents and collection of any amounts due thereunder.

## COUNT I
### (Breach of Contract against Borrowers)

25. Lender incorporates the foregoing allegations of the Complaint.

26. The Loan Agreement is a valid contract between Lender and Borrowers.

27. Lender performed its obligations under the Loan Agreement.

28. The Loan Agreement is in default due to, *inter alia*, Borrowers' failure to timely make payments when due and the sale of Borrowers.

29. As a result, Borrowers must pay all outstanding amounts, including attorneys' fees, which are due under the Loan Documents.

30. To date, Borrowers have failed to do so.

31. As a result of Borrowers default under the Loan Agreement, Lender has suffered direct pecuniary damages.

32. Pursuant to the Loan Agreement, Lender is entitled to recover all outstanding amounts owed by Borrowers, together with Lender's attorney's fees and costs incurred to enforce its rights under the Loan Documents.

**WHEREFORE**, Plaintiff AP MA Funding LLC demands that judgment be entered in its favor and against Defendants Limitless Entertainment Boise, LLC and Limitless Entertainment, LLC, jointly and severally, as to Count I of the Complaint in the amount of Nine Hundred Fifty-One Thousand Two Hundred Twenty-Five and 62/100 Dollars ($951,225.62), pre-judgment interest from and after July 21, 2025, at the contractual Loan Default Rate, post-judgment interest at the contractual Loan Agreement Default Rate, attorney's fees and court costs, and such other and further relief as this Court deems equitable and just.

## COUNT II
### (Breach of Contract against Guarantors)

33. Lender incorporates the foregoing allegations of the Complaint.

34. The Guaranty is a valid contract between Lender and Guarantors.

35. Lender performed its obligations under the Guaranty.

36. Guarantors breached the Guaranty by failing to pay the amounts that Borrowers owe Lender under the Loan Documents.

37. As a result of Guarantors default under the Guaranty, Lender has suffered direct pecuniary damages.

38. Pursuant to the Loan Agreement and Guaranty, Lender is entitled to recover from Guarantors all outstanding amounts owed by Borrowers, together with Lender's attorney's fees and costs incurred to enforce its rights under the Loan Documents.

**WHEREFORE**, Plaintiff AP MA Funding LLC demands that judgment be entered in its favor and against Defendants, Raj Bhanot and Suraj Jagannathan, jointly and severally, as to Count II of the Complaint in the amount of Nine Hundred Fifty-One Thousand Two Hundred Twenty-Five and 62/100 Dollars ($951,225.62), pre-judgment interest from and after July 21, 2025, at the contractual Loan Default Rate, post-judgment interest at the contractual Loan Agreement Default Rate, attorney's fees and court costs, and such other and further relief as this Court deems equitable and just.

Respectfully submitted,

Dated: August 21, 2025

BALLARD SPAHR LLP

 /s/ Lauren N. Brown
Lauren N. Brown, #5518139
Ana M. Blanco, #6079016
1675 Broadway, 19th Floor
New York, NY 10019-5820
Telephone: (646) 346-8048
Facsimile: (212) 223-1942
brownln@ballardspahr.com
blancoa@ballardspahr.com

*Counsel for Plaintiff*